ISABEL BUXEDA BADÍA DE CESTERO ET AL., Plaintiffs and Appellants, *v.* REMIGIO MARTÍNEZ BADÍA ET AL., Defendants and Appellees.

No. 5798. Argued June 9, 1932.—Decided July 15, 1932.

*Isaías M. Crespo* and *Ulpiano Crespo, Jr.,* for appellants. *Leopoldo Feliú* for appellee Central Cambalache.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

Isabel Buxeda Badía, widow of Cestero, and Santiago

Buxeda Badía filed a complaint in the District Court of Arecibo praying that a will executed by Camila Badía Buxeda on September 1, 1917, be set aside. It is alleged in the complaint that at the time she made the said will, Camila Badía Buxeda was in a condition of complete imbecility and mental derangement, and that said will was made in compliance with the instructions of the defendant Remigio Martínez Badía, who had absolute authority over the person of the testatrix. In order to establish their status as heirs in case the will were set aside, the plaintiffs alleged that Camila Badía Buxeda died in Arecibo on March 2, 1918, and that her sole and universal heirs are her niece and nephews, defendants herein, Teresa and Miguel Buxeda Badía, and Remigio Martínez Badía, and the plaintiffs Santiago Buxeda and Isabel Buxeda.

It is further alleged in the complaint that, by reason of the will so executed, the defendant Remigio Martínez Badía seized in his capacity as heir two real properties described in the complaint, and that civil action No. 11070, brought by Miguel and Teresa Buxeda Badía against Remigio Martínez Badía et al. to set aside a will executed by the said Camila Badía Buxeda and filed in the District Court of Arecibo on October 29, 1918, was duly recorded on November 8, 1918, by a marginal note to the described properties, in the Registry of Property of Arecibo, at folios 217 and 224, volumes 95 and 89 of Arecibo.

The defendant Central Cambalache demurred to the complaint on the grounds that it does not state facts sufficient to constitute a cause of action as to said defendant, and that it is ambiguous, unintelligible, and uncertain.

The District Court of Arecibo sustained the demurrer on both grounds, because of the insufficiency of the complaint, and also because the same is ambiguous and uncertain, and it gave the plaintiffs ten days to amend the pleading. The plaintiffs prayed for a reconsideration of the order of the court, and asked that in case such reconsideration were de-

nied, final judgment should be entered in order to take the proper appeal to this Court. The court below rendered judgment for the defendants, without special imposition of costs. The plaintiffs appealed from this judgment and assigned the following errors:

"First: The lower court erred in holding that the complaint does not state a cause of action as to the defendant Central Cambalache.

"Second: The court erred in holding that the complaint is ambiguous and uncertain."

The mere averment that the plaintiffs and two of the defendants are the sole and universal heirs of the testatrix is a legal conclusion which is not in itself sufficient to determine the plaintiffs' status as heirs, especially in this case in which it is not stated that Camila Badía Buxeda had died without leaving ascendants or descendants and in which the degree of relationship existing between the plaintiffs and the said testatrix is not alleged. Even assuming that the said plaintiffs are the nephew and niece of Camila Badía Buxeda, a fact which does not clearly appear from the complaint, such degree of relationship would not be sufficient to consider them as interested parties, for the reasons stated and because it is not alleged that the plaintiffs' parents have died, so that their son and daughter, on the assumption that they are the nephew and niece of the testatrix, might inherit by representation.

As it does not appear from the complaint that the plaintiffs have an interest in this action, it is clear and evident that the complaint does not state facts sufficient to constitute a cause of action in their favor.

As to the averment of *lis pendens,* it is alleged in the complaint that on September 26, 1929, the Central Cambalache acquired by assignment a mortgage for $16,000 constituted in favor of Gertrudis Alvarez, and that said mortgage was duly recorded subject to the notice of *lis pendens* entered in the registry of property. According to the complaint, on

September 9, 1919, the Central Cambalache leased from the defendant Remigio Martínez two properties which were described. On November 10, 1919, Ernesto Fernando Schlüter assigned to the Central Cambalache a mortgage credit existing on the two properties, and all these deeds were recorded in the registry, subject to the same notice of *lis pendens*. On September 20, 1919, Remigio Martínez Badía assigned to the Central Cambalache, in payment of the debt, the said two properties, which remained subject to the notice of the complaint filed by Miguel and Teresa Buxeda Badía against Remigio Martínez Badía.

These are substantially the averments of the complaint in regard to the notice of *lis pendens* entered in the registry of property on November 8, 1918. It does not appear from the allegations made that the plaintiffs herein, Isabel Buxeda Badía de Cestero and Santiago Buxeda Badía, were parties to the civil action No. 11070, brought by Miguel and Teresa Buxeda Badía against Remigio Martínez *et al.* The plaintiffs in that action are included as defendants in the present suit. The interest that the plaintiffs herein might have had in the action brought in the District Court of Arecibo on October 29, 1918, does not appear from the pleadings. If Miguel and Teresa Buxeda Badía were the only plaintiffs, or the ones who took the initiative and instituted that action, it was incumbent on them only to continue or abandon that action; and it is not stated in the complaint whether said action was continued or abandoned, whether due diligence was used, or whether or not final judgment was rendered. The complaint failed to state in any of its averments what was the status of that case, nor did it disclose the reasons for the prosecution of this new action, if in truth the same actions were involved. Nor do we know the grounds on which the action giving rise to the notice of *lis pendens* was based. It is merely stated in the complaint that that was an action to set aside a will executed by Camila Badía Buxeda; but the incapacity to make a will is not the only cause that

may determine the nullity of a will. The notice of *lis pendens* can only cover the causes of action alleged in the suit the pendency of which has been noted in the registry of property. The present action is based on the mental incapacity of Camila Badía Buxeda to make a will. The action previously brought might have been based on such a ground, but we do not know as to this, as it does not appear from the allegations of the complaint.

The lower court held that the complaint was ambiguous and uncertain, and this defect is apparent from the averment of *lis pendens;* but it is evident that there is also want of facts sufficient to state a cause of action against the defendant Central Cambalache, because a judgment could not be rendered on the pleadings against the defendant–appellee, who purchased subject only to a notice of *lis pendens* of an action for nullity, the grounds of which are not stated in the complaint, and as to which no relationship is shown with the present action.

Counsel for the Central Cambalache raises in a careful brief the question that the notice of *lis pendens* has become extinguished by operation of law; but we cannot enter into a consideration of this question, because the outcome of the previous action and the connection that might exist between that action and the case at bar do not appear from the averments of the complaint. Whether or not such action is still pending, whether the same was abandoned or decided on the merits, whether or not any measure was taken with respect to the notice of *lis pendens,* and whether or not due diligence was used in the prosecution of the action, are facts which we do not know, and this prevents us from considering the merits of the question raised by the defendant Central Cambalache through its attorney.

The judgment appealed from must be affirmed.